# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LARRY A. CRAWFORD, <br><br> Plaintiff, <br><br> v. <br><br> JAY CHRISTENSEN and KIRSTEN ARTLEY-BUCKENDORF, <br><br> Defendants. | Case No. 1:20-cv-00042-BLW <br><br> **INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Larry A. Crawford's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

**1.      Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

## 2. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

## 3. Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction, currently incarcerated at the Idaho State Correctional Center. Plaintiff's claims are based on an incident that occurred on May 17, 2019:

> At 4:00 p.m. I asked Food Service Officer … Artley-Buckendorf … for all the ID's of the inmates goin [sic] to pill call. She playfully tossed them into the air and showed surprise when I caught them.
>
> When I realized I had forgotten Inmate Bibbey's ID, both he and I went back to F.S.O. Artley-Buckendorf for Mr.

> Bibbey's ID. She threw it at me hitting me in the chest instead of handing it to Mr. Bibbey. She, I am sure, did this in play, not as an act of malice. …
>
> Approximately one hour later I tossed a towel at F.S.O. Artley-Buckendorf. This was also done in play, not as an act of malice. When I realized that this had made her angry, even though it was not done in malice, I went and appologized [sic] for my actions. She accepted my appology [sic] and told me not to let it happen again. I agreed.
>
> …
>
> Ten minutes later I was put in restraints, taken to the hole, and fired. F.S.O. Artley-Buckendorf then wrote a Disciplinary Offenders Report (D.O.R.).

Compl., Dkt. 3, at 3–4.

Plaintiff claims that being fired from his prison employment violated the Equal Protection Clause of the United States Constitution, because Defendant Artley-Buckendorf was allowed to keep her job when she committed the same type of conduct as Plaintiff. *Id*. at 5–6.

**4.  Discussion**

Plaintiff has not alleged sufficient facts to state a plausible claim for relief. Moreover, Plaintiff's claim is facially invalid and cannot be cured by amendment. Accordingly, the Complaint will be dismissed with prejudice.

   A.   ***Standards of Law Governing Equal Protection Claims***

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) "set[] in motion a series of acts by others"; (2) "knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failed to act or improperly acted in the training, supervision, or control of his subordinates"; (4) "acquiesc[ed] in the constitutional deprivation"; or (5) engag[ed] in

"conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09.

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

Although there is no constitutional right to prison employment, *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997), prisoners may not be terminated from their employment for impermissible reasons such as invidious discrimination, which is prohibited under the Equal Protection Clause.

"[T]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (internal citation and quotation marks omitted). Under the Equal Protection Clause, "all persons similarly circumstanced shall be treated alike" by governmental entities. *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920). However, "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v. Texas*, 310 U.S. 141, 147 (1940).

Even where similarly situated persons are treated differently by the state, "state action is presumed constitutional and 'will not be set aside if any set of facts reasonably may be conceived to justify it.'" *More v. Farrier*, 984 F.2d 269, 271 (9th Cir. 1993) (quoting *McGowan v. Maryland*, 366 U.S. 420, 426 (1961)). Absent evidence of invidious discrimination, the federal courts should defer to the judgment of prison officials. *See id*. at 277; *Youngbear v. Thalacker*, 174 F. Supp. 2d 902, 916 (D. Iowa 2001) ("There can be no 'negligent' violations of an individual's right to equal protection.... There is no evidence from which the court may infer that the defendants' asserted reasons for delaying the construction of a sweat lodge at the [prison] were a pretext for discrimination.").

Equal protection claims alleging disparate treatment or classifications generally are subject to a heightened standard of scrutiny if they involve a "suspect" or "quasi-suspect" class, such as race, national origin, or sex, or when they involve a burden on the exercise of fundamental personal rights protected by the Constitution. *See, e.g., City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 440 (1985). Inmates are not a protected class under the Equal Protection Clause. *Webber v. Crabtree*, 158 F.3d 460, 461 (9th Cir. 1998).

Accordingly, claims of dissimilar treatment of inmates are subject to rational basis review. *See Heller v. Doe*, 509 U.S. 312, 319–20 (1993). In a rational basis analysis, the relevant inquiry is whether Defendants' action is "patently arbitrary and bears no rational relationship to a legitimate governmental interest." *Vermouth v. Corrothers*, 827 F.2d 599, 602 (9th Cir. 1987) (quotation omitted). Under this rational basis test, Plaintiff can

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

prevail only if he is similarly situated with persons who are treated differently by Defendants, and if Defendants have no rational basis for the disparate treatment. Stated another way, prison officials need show only a rational basis for dissimilar treatment in order to defeat the merits of Plaintiff's claim. *Id.*

In addition to the deference inherent in a rational basis inquiry, an additional layer of deference to prison officials is required under *Turner v. Safley*, 482 U.S. 78, 89-91 (1987), which holds that a prison regulation is constitutional so long as it is reasonably related to a legitimate penological purpose. *See Walker v. Gomez*, 370 F.3d 969, 974 (9th Cir. 2004) ("In the prison context, ... even fundamental rights such as the right to equal protection are judged by a standard of reasonableness—specifically, whether the actions of prison officials are reasonably related to legitimate penological interests." (quotation omitted)).

### B. *Plaintiff Has Failed to State a Claim upon which Relief May Be Granted*

The Complaint does not state a plausible equal protection claim. Plaintiff, who is a prisoner, is not similarly situated to Defendant Artley-Buckendorf, who is a correctional officer. *See Berryman v. Granholm*, 343 F. App'x 1, 5 (6th Cir. Aug. 12, 2009) (unpublished) ("The equal protection claim fails because … prison guards and prisoners are not similarly situated."). Moreover, since the only discrimination alleged is between a correctional officer and an inmate, it is not possible for Plaintiff to amend the Complaint to cure this deficiency. Amending the Complaint to allege discrimination between the defendant and another inmate would state an entirely different claim—a claim which

would be so unrelated to the facts alleged here that it would have to be asserted in a separate lawsuit.

## ORDER

**IT IS ORDERED** that this entire action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: March 31, 2020

_____
B. Lynn Winmill
U.S. District Court Judge